# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                           No. M 04-00013

EDISON MORGAN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Edison Morgan's Appeal of the United States Magistrate's Detention Order, filed February 11, 2004 (Doc. 9). The primary issue is whether there are any conditions of release that will reasonably assure Defendant Edison Morgan's appearance in Court and the safety of the community. Because the Court concludes that there are no such conditions, the Court will affirm the Magistrate Judge's detention order and order that Morgan shall remain in detention pending resolution of this matter.

## PROCEDURAL BACKGROUND

On January 23, 2004, Morgan appeared before the Honorable Richard L. Puglisi, United States Magistrate Judge, for a preliminary hearing and detention hearing. At the conclusion of the hearing, Judge Puglisi ordered that Morgan be released to the La Pasada Halfway House. <u>See</u> Transcript of Proceedings for Preliminary/Detention Hearing at 6:14-25 (January 23, 2004). That same day, La Pasada Halfway House declined to accept Morgan at that facility until his smallpox vaccination site was completely healed. La Pasada determined that he might be contagious and that he posed a medical risk to others. Judge Puglisi then modified conditions of release and ordered that

Morgan remain in custody until medical records verify that he is no longer a health risk.

Some time after the close of Morgan's detention hearing, the Pretrial Services Officer obtained a copy of Morgan's tribal court record and presented it to Judge Puglisi. On February 5, 2004, Judge Puglisi filed an Order of Detention Pending Trial reversing the earlier determination to release Morgan. The Order states:

> [B]ased on the new information presented to the Court regarding defendant's extensive tribal criminal history, the Court finds that the defendant is a danger to the community; therefore the conditions of release previously imposed by the Court are rescinded and the defendant is remanded to the custody of the U.S. Marshal pending further proceedings.

Order of Detention Pending Trial, filed February 5, 2004 (Doc. 8). Morgan is currently detained at the Torrance County Detention Center.

Morgan contends that Judge Puglisi changed his ruling based upon information not presented during the detention hearing. Morgan also suggests that the information has not been available to defense counsel. The statute governing pretrial detention states that:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community . . . . The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise.

18 U.S.C. § 3142(f).

Morgan states that he would like to have the opportunity to review and respond to the information provided to the Court after his hearing on January 23, 2004. Morgan asks the Court, pursuant to 18 U.S.C. § 3145(c), to set this matter for a de novo hearing on detention. Morgan requests that the Court vacate Judge Puglisi's Order of Detention and enter an order permitting his

release to the La Pasada Halfway House.  The Court held a hearing on this matter on March 11, 2004.

## LEGAL ANALYSIS

Morgan contends that tribal court proceedings are notable for lacking the procedural safeguards which lend a high level of reliability to federal proceedings.  Morgan contends that the absence of an adversarial system and procedural safeguards renders tribal convictions inherently unreliable.  This unreliability is reflected in the United States Sentencing Guidelines' treatment of tribal court convictions for criminal history purposes.  The United States Sentencing Guidelines state that "[s]entences resulting from tribal court convictions are not counted, but may be considered under § 4A1.3 (Adequacy of Criminal History Category)."  U.S.S.G. § 4A1.2(i).

 Regardless of their utility in determining the criminal history of a convicted person for sentencing, tribal convictions are no less reliable than many of the factors the Court considers during the pretrial stage.

> [I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer must consider:
>
> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

United States v. Cisneros, 328 F.3d 610, 617 (10th Cir. 2003)(citing 18 U.S.C. § 3142(g))(internal quotation marks omitted).  Moreover, while it may be true that Morgan did not have the opportunity to rebut these convictions in front of Judge Puglisi, he has had the opportunity to do so before this Court.

When the Court considers the factors above, it finds that a number of those factors suggest that Morgan poses a risk of danger to the community.  The nature of the charged offense is serious, as Morgan concedes.  Morgan is charged with pushing an elderly man down a set of stairs after an argument and causing serious bodily injury.  Morgan has no current employment and lacks a significant employment history.  Morgan has an alcohol abuse history and a drinking problem.  He is unable to stop drinking on his own, drinks twice a week until drunk, and cannot stop drinking when he gets started.  Morgan has a temper problem when he drinks.  Even family members are afraid of him.

Morgan has a lengthy criminal history in federal, state, and tribal courts.  In 1995, Morgan was convicted in United States District Court for the District of Arizona for assault with a deadly weapon.  This conviction is within the past ten years and suggests that Morgan has violent tendencies.  He also has three state court arrests for driving while under the influence of alcohol.  Although Morgan contends that his criminal record in tribal court reflects at least six arrests or convictions that are not attributable to him, the list is quite lengthy even if the Court discounts those instances.  Morgan's tribal court record includes numerous arrests and convictions for driving while intoxicated, battery, aggravated battery, and threatening.

While the Court does not make a finding that Morgan is a flight risk, a number of factors suggest a risk of nonappearance. Some are the same factors that suggest risk of danger to the community, such as no current employment and lack of employment history. The drinking problem is also troublesome. Moreover, Morgan has multiple warrants outstanding, at least one of which is for failure to appear.

After conducting a de novo review of the evidence in this case, which includes but is not limited to Morgan's criminal history, the Court finds that no conditions of release will reasonably assure the safety of the community. The La Pasada Halfway House will not provide an adequately restrictive environment for Morgan. He will still have access to alcohol. He does not have current employment to occupy his time. In addition, Morgan, who has demonstrated a pattern of assaultive behavior in the past, will continue to have extensive contact with members of the public. The Court agrees with Judge Puglisi that Morgan shall remain in detention pending resolution of this matter.

**IT IS ORDERED** that Morgan's request that the Court set this appeal from the detention order for a de novo hearing is granted. After holding a hearing to determine whether conditions exist to release the defendant and to assure the safety of the community and his appearances in Court, the Court finds that there are no conditions of release that will assure the safety of the community. The Court will not make a finding that Morgan poses a flight risk. The Court will affirm Judge Puglisi's February 5, 2004 detention order. Morgan shall remain in detention pending resolution of this matter.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Miles Hanisee
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the United States*


Susan Bronstein Dunleavy
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*